UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN MOSLEY, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-24-1139-R |
| | ) |
| WILLIAM "CHRIS" RANKINS, | ) |
| | ) |
| Respondent. | ) |

# ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Chris M. Stephens [Doc. No. 23]. Judge Stephens recommends denial of Petitioner Calvin Mosley, Jr.'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 10] challenging his state court conviction for sexual battery. Petitioner, a prisoner proceeding *pro se*, filed an Objection to Judge Stephens's recommendation [Doc. No. 28]. The Court must now make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1).

## LEGAL STANDARD

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v.*

1

*2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A petitioner waives further review of a Report and Recommendation where he fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Petitioner proceeds *pro se*, the Court will construe his objections liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

## DISCUSSION

Judge Stephens recommends dismissal of the Petition because all six of Petitioner's grounds for relief are unexhausted. The exhaustion doctrine, a matter of comity which has long been a part of habeas corpus jurisprudence, requires courts to consider in the first instance whether the grounds for relief in a petitioner's petition were presented to the state courts. As the Supreme Court stated in *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), "in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." The exhaustion doctrine is set forth in 28 U.S.C. § 2254(b). Section 2254(b)(1)(A) prohibits the Court from granting habeas relief in the absence of exhaustion (although Section 2254(b)(1)(B) sets forth two limited exceptions to this rule), but Section 2254(b)(2) expressly authorizes the Court to deny habeas relief "notwithstanding the failure of the [petitioner] to exhaust the remedies available in the courts of the State."

"[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 582 U.S. 521, 527 (2017) (citing § 2254(b)(1)(A)). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). "Exhaustion requires that the claim be 'fairly presented' to the state court, which 'means that the petitioner has raised the "substance" of the federal claim in state court.'" *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)). "[A] federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted).

"Oklahoma requires a post-conviction relief applicant to raise all grounds for relief which he actually knows or should have known through the exercise of due diligence in his original application for relief." *Williams v. Trammell*, 782 F.3d 1184, 1212 (10th Cir. 2015) (citing OKLA. STAT. tit. 22, § 1086 ("All grounds for relief available to an applicant . . . must be raised in his or her original, supplemental or amended application. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application . . .")).

If a habeas claim has not been presented to the Oklahoma state courts, and is thus unexhausted, a federal court generally dismisses it without prejudice "so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 892 (10th Cir.

2018) (quotation omitted). However, if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant," failure to exhaust may not warrant dismissal. 28 U.S.C. § 2254(b)(1)(B).

Petitioner argues circumstances exist that would render the State corrective process futile because Oklahoma courts would find his claims procedurally barred due to his failure to exhaust them in state court.[1] *See Mann v. State*, 856 P.2d 992, 993 (Okla. Crim. App. 1993) (claims for post-conviction relief that could have been, but were not, raised on direct appeal are waived); *Hickman v. Spears*, 160 F.3d 1269, 1271-72 (10th Cir. 1998) (when a conviction is based on a guilty plea, as Petitioner's is, the petitioner may directly appeal it by filing an application to withdraw the plea within ten days of judgment and sentence and,

---

[1] Petitioner filed several *pre-conviction* petitions for Writ of Habeas Corpus with the OCCA, some of which presented claims related to those in the instant action. Despite this, Judge Stephens found all six of his instant claims were unexhausted because they had a different focus in state court (challenging his detention and bond amount) than the claims before this Court (challenging his conviction).

In any event, throughout his Objection, Petitioner acknowledges the Oklahoma courts would consider his claims procedurally barred/waived. However, the Court notes one line in which he states that he "still holds to have pre-conviction raised[, and thus exhausted], in substance, some of his instant claims of record outside of claims V and VI to the district court of Oklahoma and to the OCCA." Doc. No. 28-1 at pp. 3-4. Petitioner does not elaborate on this point, nor does he point to any "specific" error in Judge Stephens's Report related to the non-exhaustion of his claims. This cursory objection has waived review of Judge Stephens's conclusion that *all six* of Petitioner's claims are unexhausted. *See Smithe v. Dir. of Ill. Dep't of Pub. Health*, No. 25-1072-DDC-GEB, 2026 WL 145349, at *5 (D. Kan. Jan. 20, 2026) (citing *2121 E. 30th St.*, 73 F.3d at 1060; *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (plaintiff's "conclusory, one-sentence objection to the magistrate judge's . . . recommendation . . . was insufficient to preserve appellate review")). The Court will instead focus its analysis upon the portions of the Report to which Petitioner has specifically objected and which are therefore truly in dispute.

in any event, must file a petition for writ of certiorari to the Oklahoma Court of Criminal Appeals within ninety days of conviction).

Indeed, Petitioner failed to exhaust his state remedies because he did not apply to withdraw his plea or file a petition for writ of certiorari to the OCCA within the requisite time. "[D]ismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Grant*, 886 F.3d at 892 (quotation omitted). In such circumstances, instead of dismissing, federal courts may apply an *anticipatory* procedural bar to the petitioner's claims. *See Tryon v. Quick*, 81 F.4th 1110, 1139 (10th Cir. 2023); *Williams*, 782 F.3d at 1212 (anticipatory procedural default applies "where a petitioner fails to exhaust a claim and we, as a federal court, nonetheless conclude that the claim would be procedurally defaulted on remand"). Procedurally barred claims generally may not be considered by a federal habeas court. *Fairchild*, 579 F.3d at 1141.

Judge Stephens found Petitioner's claims would be procedurally barred because Petitioner did not exhaust his claims in state court. However, Judge Stephens does not recommend application of the anticipatory procedural bar because (1) Respondent did not raise it or attempt to prove its application, (2) Respondent specifically asked the Court to dismiss the Petition without prejudice and (3) Petitioner has a right to appeal out-of-time and alleges he can make a showing to obtain that appeal because he was mentally incompetent during the direct appeal period.[2] Taking this into account, the Court agrees

---

[2] Indeed, Petitioner represents he has filed an application for post-conviction relief out-of-time. *See State of Oklahoma v. Calvin Mosley Jr.*, Dist. Ct. for Okla. Cnty., Okla, No. CF-

5

with Judge Stephens and will not apply the procedural bar rule. Dismissal without prejudice is this Court's remaining course of action.[3]

But Petitioner asks the Court for a stay-and-abeyance instead of dismissal. The stay-and-abeyance procedure developed as a solution to problems like Petitioner's: where, "if a district court dismisses a [petition containing unexhausted claims] close to the end of [AEDPA's] 1-year period [for filing federal habeas petitions], the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). The *Rhines* case was decided in the context of a "mixed" petition—a petition containing both exhausted and unexhausted claims. Judge Stephens did not recommend a stay of the case because he

---

2023-2590. "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001). The Court thus takes judicial notice of the proceedings in Petitioner's state court case.

[3] Petitioner understandably misconstrues the confusing legal framework at issue here. He appears to argue that because his claims would be time-barred in state court, the Court should not dismiss his Petition. This is generally correct—but when a Petitioner's claims would be procedurally defaulted in state court, the Court would normally apply an anticipatory procedural bar to those claims and decline to hear them. *See Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (when a petition contains only unexhausted claims, the district court may dismiss the petition to allow petitioner to exhaust his claims in state court or deny the petition on the merits).

In this context, advocating for the Court to find his claims would be time-barred is against the position the Court understands Petitioner to be taking in his Objection. Affording Petitioner the requisite liberal reading of his Objection, the Court instead interprets his arguments as seeking to overcome the *application* of an anticipatory procedural bar. But because Judge Stephens recommends dismissal instead of the anticipatory procedural bar, the Court will not address these arguments.

found Petitioner's Petition contains *only* unexhausted claims and Petitioner did not, in any event, carry his burden of showing circumstances justified a stay.

Petitioner objects, citing *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014), which indicated "the district court had discretion to consider a *Rhines* stay even though petitioner filed an unmixed petition." Due to Petitioner's failure to specifically object to Judge Stephens's characterization of his Petition as unmixed, the Court considers the Petition fully unexhausted for purposes of this Order. Mixed or not, however, it is proper for this Court to consider whether a stay is warranted.

The *Rhines* "rationale is potentially applicable to a petition with wholly unexhausted claims that is protectively filed during the pendency of state postconviction proceedings." *Id.* at 1178. A protectively filed habeas petition is one which raises the same claims as a simultaneously-filed application for post-conviction relief in state court and is filed just before the statute of limitations period is about to expire. *Id.* at 1181.

Since the issuance of Judge Stephens's Report, Petitioner has filed an application in state court for post-conviction relief out-of-time. Petitioner contends his out-of-time application presents the same six grounds for relief as in this action. He did not "simultaneously file" his habeas petition with his out-of-time application, nor did he file either action "just before" the statute of limitations period was about to expire. (He filed his application for out-of-time relief on December 29, 2025, and his AEDPA limitations period for habeas relief expires in March of 2026.) Whether the Petition is properly considered protectively filed or not, however, Petitioner has failed to demonstrate a stay is warranted. *See Rhines*, 544 U.S. at 278.

"[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

Petitioner has failed to establish good cause for his failure to exhaust. He argues that he, as a layman, believed he had exhausted most, if not all, of his claims in state court. But "neither Petitioner's *pro se* status nor his ignorance of the law is sufficient to demonstrate 'good cause' for his failure to exhaust state remedies for his additional claims prior to seeking federal habeas corpus relief." *Hurt v. Dowling*, No. 17-CV-005-JED-TLW, 2017 WL 2786474, at *4 (N.D. Okla. June 27, 2017) (citing *Doyle v. Abbott*, 330 F. App'x 703, 708 (10th Cir. 2009) (unpublished) and *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)); *see also Abeyta v. Estep*, 198 F. App'x 724, 727 (10th Cir. 2006) (unpublished). "[A] rule that layman status in and of itself constitutes good cause for failure to exhaust would render the exhaustion requirement practically meaningless." *Hurd v. Dinwiddie*, CIV-09-227-W, 2009 WL 2136616, at *5 (W.D. Okla. July 16, 2009). Petitioner does not raise any other arguments supporting his claim of good cause.[4]

Petitioner next contends his unexhausted claims are potentially meritorious—but provides no arguments beyond this conclusory assertion. The Court is unable to discern at this juncture whether Petitioner's claims are potentially meritorious, though it does note

---

[4] Petitioner's allegations regarding diligence are more appropriately discussed within the context of the "dilatory tactics" prong of the stay-and-abeyance inquiry.

the likelihood of Petitioner's claims being procedurally barred at the state court level. Nevertheless,

> "it is the state court, not the federal district court, that should determine the procedural posture of a claim." *Lafferty v. Crowther*, No. 2:07-CV-322, 2015 WL 6875393, at *5 (D. Utah Oct. 30, 2015). The present availability of a state remedy "'is a question of state law as to which only the state courts may speak with final authority.'" *Id*. (quoting *Simpson v. Camper*, 927 F.2d 392, 393 (8th Cir. 1991)). This Court must be circumspect about deciding, "'based upon a speculative analysis of what a state court might do, that a particular claim is procedurally foreclosed.'" *Id*. (quoting *Pike v. Guarino*, 492 F.3d 61, 74 (1st Cir. 2007)).

*Patterson v. Crowther*, No. 2:14-CV-592-DN, 2018 WL 1224462, at *4 (D. Utah Mar. 7, 2018). Petitioner represents he has already filed an application for post-conviction relief out-of-time. Out of a concern for federalism and comity, therefore, the Court finds it proper to allow the state courts the opportunity to resolve his claims on procedural grounds or not. *See id*. Moreover, the Court has reviewed the Petition and "concludes that the claims at issue here state causes of action under the Federal Constitution and are therefore not plainly meritless."[5] *Id.*

Finally, there is no indication Petitioner engaged in intentionally dilatory litigation tactics. Petitioner's failure to exhaust his claims stemmed from his lack of legal expertise, and not, it seems, his lack of diligence.

Nevertheless, "'[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his

---

[5] "In making that statement, the Court does not in any way suggest how it would rule on the substance of any of Petitioner's claims." *Patterson*, 2018 WL 1224462, at *4 n.1.

9

claims first in state court.'" *Hurt v. Dowling*, 2017 WL 2786474, at *4 (quoting *Rhines*, 544 U.S. at 277). As Petitioner has failed to establish good cause, stay-and-abeyance is not warranted here.

Petitioner's arguments have failed to provide a valid basis for denial of Judge Stephens's Report. And because Petitioner failed to specifically object to Judge Stephens's other findings, he has waived this Court's review of them.

The Court therefore fully ADOPTS the Report and Recommendation [Doc. No. 23]. The Petition [Doc. No. 10] is DISMISSED without prejudice.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 9th day of February, 2026.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE